***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission AFFIRMS with some modifications the Opinion and Award of Deputy Commissioner Harris.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. On August 1, 2003, the date of the injury by accident giving rise hereto, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On August 1, 2003, the employee-employer relationship existed between plaintiff and defendant-employer, with defendant-employer being insured by Allied Claims Administration, Inc. at relevant times during plaintiff's employment.
3. On February 10, 2004, defendant-employer filed a Report of Injury.
4. On February 10, 2004, defendant-carrier filed a Form 61, Denial of Workers' Compensation claim.
5. On July 7, 2005, plaintiff filed a Form 18 with the North Carolina Industrial Commission.
6. On July 7, 2005, plaintiff filed a Form 33, Request for Hearing, with the Industrial Commission.
7. On August 1, 2005, defendants filed a Form 33R, Response to Request for Hearing, with the Industrial Commission.
8. On August 1, 2005, defendants mailed Interrogatories and Requests for Production of Documents to plaintiff. Answers would have been due on or about September 6, 2005.
9. On August 14, 2005, plaintiff wrote to Linda Langdon, Docket Director, withdrawing her Form 33.
10. On August 14, 2005, plaintiff wrote to counsel for defendants conveying a copy of her letter to Ms. Langdon and noting she would not be responding to the discovery in light of the withdrawal of her Form 33. *Page 3 
11. On August 22, 2005, Ms. Langdon sent a letter to plaintiff acknowledging the withdrawal of the Form 33.
12. On April 21, 2008, plaintiff filed a Form 18M, applying for additional medical compensation.
13. On May 22, 2008, defendants filed their response to the Form 18M.
14. On July 3, 2008, Tracey H. Weaver, Executive Secretary, issued an Order denying the Form 18M.
15. On July 18, 2008, plaintiff filed a Form 33, Request for Hearing.
16. On July 22, 2008, defendants filed a Form 33R, Response to Request for Hearing.
 ***********
Based upon the competent, credible evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for defendant-employer as a medical surgical nurse.
2. On July 17, 2003, plaintiff submitted a letter of resignation to defendant-employer, stating that her last day of work would be August 15, 2003. Plaintiff stated that she had accepted a position with the Cherokee County Health Department.
3. On August 1, 2003, a patient squeezed plaintiff's left shoulder and left side of her neck, causing her neck and left shoulder pain. Plaintiff received treatment at Murphy Medical Center that day.
4. On the date of injury, plaintiff underwent a cervical X-ray, which was negative, and she was diagnosed as suffering musculoskeletal neck pain. Plaintiff was put on light duty work restrictions, which defendant-employer accommodated. *Page 4 
5. Defendant-Employer directed plaintiff to receive further treatment with Dr. Warren McDonald with the Nantahala Orthopedic Group and paid for said treatment. Plaintiff saw Dr. McDonald on August 6 and 13, 2003, and he restricted her to light duty through August 15, 2003.
6. Plaintiff continued to work in her position with defendant-employer through August 15, 2003, when she resigned per her earlier notice.
7. Plaintiff began working for the Cherokee County Health Department as a public health nurse on August 25, 2003.
8. Defendants made their last payment for medical treatment in this claim on December 16, 2003, a $33.38 payment to Southern Smokies Radiology.
9. On January 19, 2004, while working at the Cherokee County Health Department, Plaintiff felt a sudden burning with pain between her shoulder blades and into her neck while tearing apart a cardboard box.
10. On February 5, 2004, plaintiff contacted defendant-employer seeking to have them provide her with medical treatment, under this claim, for intermittent and worsening neck and shoulder pain.
11. On February 5, 2004, plaintiff received treatment from Dr. Matthew Molison, with Chatuge Family Practice, for left shoulder pain that had increased over the preceding three weeks. Plaintiff continued treating with Dr. Molison for several months thereafter, and Dr. Molison told her that he believed her continuing symptoms were related to the August 1, 2003 incident. *Page 5 
12. Defendants refused plaintiff's request that they pay for further medical treatment in this claim, and they so notified plaintiff. On February 10, 2004, defendants filed and sent to plaintiff a Form 61 denying further medical treatment or indemnity compensation.
13. After March 2004, plaintiff did not contact defendants seeking any further medical treatment.
14. In early 2004, plaintiff consulted with, but did not retain, legal counsel, and she also talked with the Industrial Commission's ombudsman's office at about that time. Plaintiff has also consulted with other legal counsel about this claim at various other times.
15. After her consultation with the ombudsman's office in early 2004, the Commission sent plaintiff a copy of a Form 18 and Form 33 and the Industrial Commission Bulletin.
16. On July 7, 2005, plaintiff filed a Form 18 for her "left neck, left chest wall and left shoulder" and a Form 33 seeking additional medical and indemnity compensation in this claim.
17. Plaintiff withdrew her Form 33 on August 14, 2005 because she did not wish to respond to the discovery defendants served on her.
18. On April 21, 2008, nearly four and a half years after the last payment of medical compensation in this claim and nearly three years after withdrawing her first Form 33, plaintiff filed a Form 18M seeking additional medical treatment.
19. Between her withdrawal of the Form 33 on August 14, 2005 and her filing of the Form 18M on April 21, 2008, plaintiff made no contact with nor requested treatment from defendants, nor did she send any correspondence to or make any filings with the Industrial Commission. *Page 6 
20. Following Executive Secretary Weaver's denial of the Form 18M application, plaintiff filed another Form 33 appealing the denial of the Form 18M and seeking medical and indemnity compensation.
21. Following plaintiff's voluntary termination of her employment with defendant-employer, plaintiff has worked with the following employers for various lengths of time: Cherokee County Health Department as a public health nurse; Health in Harmony as an office nurse; Oconaluftee Job Corps Center as a health and wellness manager; Campbell Folk School as a scheduling coordinator, and; Dr. Henry Meinecke as an officer manager.
22. Defendants have paid no indemnity compensation to plaintiff in this claim.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident to her neck and left shoulder on August 1, 2003. N.C. Gen. Stat. § 97-2(6).
2. Defendants accepted plaintiff's neck and left shoulder injuries as a medical only claim and paid medical compensation to her pursuant to N.C. Gen. Stat. § 97-25.
3. N.C. Gen. Stat. § 97-25.1 provides that a claimant's right to medical compensation terminates two years after the last payment of medical or indemnity compensation unless, during that two-year period, the claimant applies with the Industrial Commission for additional medical compensation or the Industrial Commission orders such compensation on its own motion.
4. The last payment of medical compensation in this claim was made on December 16, 2003. Therefore, the deadline for plaintiff to have applied for further medical compensation *Page 7 
in this claim was December 16, 2005. Although plaintiff did file a Form 33 within that deadline, she withdrew it shortly thereafter and then did not file a Form 18M for nearly three more years.
5. Plaintiff's claim for additional medical compensation was not timely filed and is therefore barred by the time limitations established by N.C. Gen. Stat. §97-25.1 Industrial Commission Rule 408.
6. Plaintiff has not carried her burden to show that she has been disabled because of her compensable injuries at any time since sustaining said injuries. Rather, she has been gainfully employed in several different positions during the ensuing time. As such, plaintiff is not entitled to any indemnity compensation. N.C. Gen. Stat. §§ 97-2(9), 97-29.
 ***********
Based on the findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim for medical and indemnity compensation must be, and is hereby, DENIED.
2. Plaintiff's Form 18M Application is hereby DENIED.
3. Each side shall bear its own costs.
This 30th day of November, 2009.
 S/__________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING: *Page 8 
 S/__________ PAMELA YOUNG CHAIR
 S/__________ DANNY LEE McDONALD COMMISSIONER *Page 1